UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS' LOCAL NO. 25
PENSION FUND, et al.,

    Plaintiffs,                                                                     Civil Action No. 18-CV-10547

vs.                                                                           HON. BERNARD A. FRIEDMAN

DANIELLE E. KEYS, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on defendant Danielle E. Keys' motion for summary judgment [docket entry 47], defendant Patricia Keys' motion for summary judgment [docket entry 48], plaintiffs' motion for summary judgment [docket entry 50], and defendant Tony Hernandez II's motion for summary judgment [docket entry 51]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing.

This is an ERISA case in which the plaintiff trustees[1] seek to hold defendants Danielle E. Keys, Patricia Keys, Tony Hernandez II ("Hernandez"), and Seal Weld, LLC ("Seal Weld") liable for a $90,570 judgment entered in March 2018 against Skyhorse Steel Corp. ("Skyhorse") for unpaid fringe benefit contributions. *See Iron Workers Local 25 Pension Fund,*

---

[1] Plaintiffs are the trustees of the following trust funds: Iron Workers' Local No. 25 Pension Fund, Iron Workers' Health Fund of Eastern Michigan, Iron Workers' Local No. 25 Vacation Pay Fund, Iron Workers Defined Contribution Pension Fund, and Iron Workers' Apprenticeship Fund of Eastern Michigan. The trust funds are established and administered pursuant to § 302 of the Labor Management Relations Act, 29 U.S.C. § 186, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Compl. ¶ 1.

*et al. v. Skyhorse Steel Corp.*, No. 17-cv-12908 (E.D. Mich.).[2] These contributions were owed pursuant to a collective bargaining agreement ("CBA") between Iron Workers' Local 25 and Skyhorse. In the instant action, plaintiffs claim that the individual defendants – Danielle Keys, Patricia Keys, and Hernandez, all of whom were Skyhorse officers or managers – are liable for breach of fiduciary duties. They also claim that defendant Seal Weld is an alter ego and/or successor of Skyhorse.[3] Plaintiffs note that the CBA and trust documents provide that the contributions become vested plan assets when they become "due and owing" to the funds.

In the initial complaint filed in this matter on February 15, 2018, plaintiffs claimed that Danielle Keys is liable for the Skyhorse judgment because she is that company's "principal owner and officer." Danielle Keys filed a third-party complaint against Hernandez and Seal Weld, claiming that Hernandez, while working as Skyhorse's chief operating officer, had diverted Skyhorse's assets to his own use (and to his new company, Seal Weld), thereby diverting funds that should have gone toward satisfying the now delinquent fringe benefit contributions. Danielle Keys' claims against Hernandez and Seal Weld sound in indemnification, conversion, and breach of fiduciary duty. Plaintiffs then amended the complaint to add Patricia Keys (Danielle Keys' mother), Hernandez (Patricia Keys' cousin), and Seal Weld (Hernandez's new company) as defendants, and to sue all of them for the delinquent contributions on breach of fiduciary duty and

---

[2] In March 2020, the Court granted plaintiffs' motion for entry of an amended default judgment in the amount of $202,301.52 against Skyhorse Steel Corp. *See Iron Workers Local 25 Pension Fund, et al. v. Skyhorse Steel Corp.*, No. 17-cv-12908 (E.D. Mich.). Plaintiffs indicate that "[s]ince the Default Judgment was entered [in March 2018], Plaintiffs have collected $22,071.41 against that Judgment." Pls.' Mot. for Entry of Am. Default J. ¶ 5.

[3] In October 2017, plaintiffs sent Skyhorse a "24 hour shut down notice" of their intent to withdraw their workforce pursuant to the CBA. Skyhorse's operations ended when the workers were withdrawn. In November 2017, Hernandez created Seal Weld, and he continues to run it.

successor liability theories. Patricia Keys then filed a crossclaim against Hernandez and Seal Weld, and Hernandez filed a "crossclaim/counterclaim" against Danielle Keys and Patricia Keys.

Danielle Keys did not amend her third-party complaint after the complaint was amended; however, she filed a motion for summary judgment against Hernandez and Seal Weld on all counts in her third-party complaint: indemnification, conversion, and breach of fiduciary duty. Patricia Keys seeks summary judgment against Hernandez and Seal Weld on her indemnification crossclaim. Hernandez seeks summary judgment on plaintiffs' breach of fiduciary duty claim. Danielle Keys and Patricia Keys concur in Hernandez's motion. Plaintiffs seek summary judgment against the individual defendants on plaintiffs' claims regarding liability. In essence, all of the individual defendants are blaming each other for not paying the fringe benefit contributions, while plaintiffs seek to hold all of the defendants responsible for those contributions.

Having carefully reviewed the parties' extensive filings, the Court finds that factual disputes exist regarding the liability of defendants as to the Skyhorse judgment, specifically (1) who at Skyhorse had control and authority over the contributions/plan assets, and (2) whether Seal Weld is an alter ego of Skyhorse. The individual defendants dispute that they are fiduciaries and present conflicting narratives supported by deposition testimony and affidavits regarding their involvement in Skyhorse's operations. Seal Weld's liability presents additional factual disputes because plaintiffs and Seal Weld reach different conclusions as to whether Seal Weld and Skyhorse are substantially similar in certain respects.

In these circumstances, the Court shall exercise its discretion to deny the motions and set the case for trial, as was done by Judge Avern Cohn with the following explanation:

> Given the volume of papers in the record and the complexity of facts as highlighted by the parties' . . . filings, the Court is satisfied that the effort necessary to make the determination whether there are genuine issues of

> material fact requiring trial is not a productive use of its time. The better course is to require the case to be set down for trial.
>
> * * *
>
> Even if the Court were to find that [the parties] had carried their burden, the Court would doubt the wisdom of granting summary judgment and terminating the case prior to trial. In such a circumstance, the Court has discretion to deny the motion. *See* 10 A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2728 (3ed. 1998). *See also United States v. Certain Real and Personal Prop. Belonging to Hayes*, 943 F.2d 1292 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing."); Friedethal, Jack H. and Gardner, Joshua E., *Judicial Discretion to Deny Summary Judgment in the Era of Managerial Judging*, 31 Hofstra L.Rev. 91 (2002).

*U.S. S.E.C. v. Battenberg*, No. 06-14891, 2010 WL 1494766, at *2 (E.D. Mich. Apr. 14, 2010) (alterations added). Accordingly,

IT IS ORDERED that defendant Danielle E. Keys' motion for summary judgment [docket entry 47] is denied.

IT IS FURTHER ORDERED that defendant Patricia Keys' motion for summary judgment [docket entry 48] is denied.

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment [docket entry 50] is denied.

IT IS FURTHER ORDERED that defendant Tony Hernandez II's motion for summary judgment [docket entry 51] is denied.

IT IS FURTHER ORDERED that the final pretrial conference is scheduled for April 29, 2020, at 1:30 p.m.  The bench trial is scheduled for May 12, 2020, at 9:00 a.m.

Dated: March 16, 2020
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge